UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Sam's West, Inc., and Sam's East, Inc.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00829-RP<br><br>The Honorable Robert L. Pitman<br><br>JURY TRIAL DEMANDED |

## JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff YETI Coolers, LLC ("YETI") and Defendants Sam's West, Inc., and Sam's East, Inc. (collectively, "Sam's Club"), (and YETI and Sam's Club collectively "the Parties") jointly submit this report.

**1. Rule 26(f) Conference**

Counsel for the Parties conferred on August 30, 2016 as required by Fed. R. Civ. P. 26(f). YETI was represented by Binal J. Patel; Sam's Club was represented by Sigmund D. Schutz and Benjamin S. Piper.

**2. Nature and Basis of Claims and Defenses**

　　a. YETI's Position

For several years, YETI has engaged in the development, manufacture, and sale of drinkware. YETI created unique, distinctive, and non-functional designs to use with YETI's drinkware. YETI has extensively and continuously promoted and used these designs in the

United States and in Texas. Through that extensive and continuous use, the YETI designs have become a well-known indicator of the origin and quality of YETI drinkware. The YETI designs also have acquired substantial secondary meaning in the marketplace and have become famous. YETI owns trademark and trade dress rights relating to the source identifying features of its drinkware designs. YETI owns trade dress rights in its "YETI 30 oz. Rambler™ Tumbler" ("YETI's Trade Dress"). YETI also owns additional intellectual property that is not presently involved in this suit.

Defendants have and continue to misappropriate the goodwill and secondary meaning in YETI's Trade Dress because, at least, Defendants have been and continue to advertise, offer for sale, and sell drinkware products that infringe and dilute YETI's Trade Dress. Defendants' unlawful conduct also gives rise to YETI's claims for false designation of origin, unjust enrichment, and misappropriation.

    b. <u>Sam's Club's Position</u>

Sam's West, Inc. and Sam's East, Inc. are corporations organized under the laws of the State of Arkansas with principal places of business at 2101 SE Simple Savings Drive, Bentonville, AR 72712. Sam's Club operates a chain of stores offering a wide assortment of quality merchandise, including a wide variety of drinkware products.

Without any prior notice to Sam's Club of any alleged infringement, YETI filed its initial Complaint on June 30, 2016. Contrary to YETI's allegations, the allegedly infringing product sold by Sam's Club does not infringe or dilute any valid, enforceable trade dress of YETI. Moreover, Sam's Club has not engaged in any acts of unfair competition or false designation of origin, engaged in any act of misappropriation against YETI, or committed any acts resulting in unjust enrichment against YETI. YETI's purported trade dress is invalid and unenforceable

because it is generic, not distinctive, functional, and has not acquired secondary meaning. YETI's purported trade dress is the sort of product design trade dress that the Supreme Court has held can never be inherently distinctive and is, therefore, protectable only upon a showing of secondary meaning. YETI's purported trade dress has not acquired secondary meaning. It is a utilitarian design that has been used for years by numerous others in the marketplace. To afford it protectable trade dress status would be anticompetitive in contravention of U.S. trade dress law.

3. **Possibility of Settlement**

The Parties have not been engaged in settlement discussions. The Parties will comply with the Court's rules and orders regarding ADR. Sam's Club was not contacted by YETI before it filed suit and has not received any demand. Sam's Club denies liability and intends to vigorously defend these claims.

4. **Proposed Scheduling Order**

The Parties will file a Proposed Scheduling Order by September 20, 2016 pursuant to Local Rule CV-16(c).

5. **Rule 26(f) Discovery Plan**

The Parties conferred and agreed on the matters listed in Rule 26(f) as set forth below.

   a. Rule 26(f)(3)(A) – Initial Disclosures. The Parties do not request changes in the form or requirement for disclosures under Rule 26(a)(1)(A). The Parties have exchanged or will exchange initial disclosures by September 20, 2016.

   b. Rule 26(f)(3)(B) – Subjects and Timing of Discovery. The Parties anticipate discovery on all matters relevant to their pending claims and defenses, including, but

not limited to, liability and damages.  As set forth above, the Parties will file a proposed scheduling order setting forth a proposal for discovery.

c. <u>Rule 26(f)(3)(C) – Electronically Stored Information</u>.  The Parties are discussing terms and conditions for the preservation and production of Electronically Stored Information ("ESI") and the scope of electronic discovery.  Counsel for YETI sent counsel for Defendants a proposed production agreement on August 30, 2016.  Counsel for Sam's Club sent counsel for YETI comments on the proposed production agreement on September 12, 2016.

d. <u>Rule 26(f)(3)(D) – Privilege Issues</u>.  Given the nature of the Parties' claims and defenses, the Parties anticipate confidential information will be exchanged in this case.  The Parties are therefore discussing a Protective Order that will be submitted to the Court for consideration.  Counsel for YETI sent a proposed Protective Order to counsel for Defendants on August 30, 2016.  Counsel for Sam's Club sent counsel for YETI comments on the proposed Protective Order on September 12, 2016.  The proposed Protective Order included a section addressing the procedure for asserting claims of privilege and work product protection after production.

e. <u>Rule 26(f)(3)(E) – Discovery Limitations</u>.  Other than the agreement set forth below, the Parties do not presently request any changes be made to the limitations on discovery beyond those imposed under the Federal Rules of Civil Procedure and the Local Rules, including, for example, Federal Rules of Civil Procedure 26, 33, 34, and 36 and Local Court Rules CV-26, CV-33, and CV-36.

The Parties agree to endeavor to disclose the names of their respective 30(b)(6) witnesses and their designated topics at least three business days before the date of

the deposition, reserving the right to change the designation in advance of the deposition to the extent necessary.

f. <u>Rule 26(f)(3)(F) – Other Orders</u>. At this time, the Parties have not requested any orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c), but the Parties will be requesting a Scheduling Order and Protective Order, as discussed above.

Dated: September 16, 2016

By: /s/ Marc S. Cooperman
Kevin J. Meek
Texas Bar No. 13899600
kevin.meek@bakerbotts.com
**BAKER BOTTS LLP**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 322-5471
Facsimile: (512) 322-3622

Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
Marc S. Cooperman (admitted *pro hac vice*)
Illinois Bar No. 6201035
mcooperman@bannerwitcoff.com
Binal J. Patel (admitted *pro hac vice*)
Illinois Bar No. 6237843
bpatel@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
10 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: 312-463-5000
Facsimile: 312-463-5001

**ATTORNEYS FOR
YETI COOLERS, LLC**

Respectfully submitted,

By: /s/ Benjamin S. Piper
Sherrard (Butch) Hayes
Texas Bar No. 00784232
shayes@wshllp.com
Sara E. Janes
Texas Bar No. 24056551
sjanes@wshllp.com
**Weisbart Springer Hayes LLP**
212 Lavaca Street, Suite 200
Austin, Texas 78701
512.652.5780
512.682.2074 fax

Sigmund D. Schutz (admitted pro hac vice)
Benjamin S. Piper (admitted pro hac vice)
**Preti Flaherty Beliveau & Pachios, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112
207.791.3000
207.791.3111 fax
sschutz@preti.com
bpiper@preti.com

**ATTORNEYS FOR SAM'S EAST, INC.
AND SAM'S WEST, INC.**

5

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 16, 2016, I caused the foregoing document to be electronically filed with the Clerk of the court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Defendants by and through Defendants' counsel of record.

                                                /s/ Marc S. Cooperman
                                                FOR YETI COOLERS, LLC